UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Antwoyn Terrell Spencer, | Case No. 20-CV-126-NEB-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| United States Bureau of Prisons, Warden J. Fikes, Captain Warlick, Lieutenant Weber, Lieutenant Gravdahl, and Officer G. White, | |
| Defendants. | |

This matter is before the Court on the request of the United States Bureau of Prisons ("BOP") for an extension of time to answer or otherwise respond to the Complaint. ECF No. 14. The BOP further requests that the Court allow all of the Defendants' responses to the Complaint to be extended and consolidated into a single timeline. The BOP asserts that service on all of the Defendants sued in their individual capacities has not been completed. Specifically, the BOP asserts that personal service of the summons and complaint has not yet been achieved for Lieutenant Gravdahl. *Id.* ¶ 8. Counsel for the BOP believes that the United States Marshal Service will complete service of Lt. Gravdahl very soon by delivering a copy of the summons and complaint to an official authorized to accept service on his behalf. *Id.* at 2 n.3.

Moreover, counsel for the BOP represents that the Department of Justice ("DOJ") has not yet determined whether it will represent all of the individual-capacity Defendants, although those individual-capacity Defendants who have been served (Defendants Fikes,

1

Warlick, Weber, and White) are each requesting such representation. *Id.* ¶¶ 3, 6. The BOP states that it is likely all individual-capacity Defendants "will raise similar, if not identical, arguments and defenses in response to the Complaint." *Id.* ¶ 9. Accordingly, the BOP argues that "a consolidated response date for all of the individual-capacity Defendants would serve judicial economy by avoiding repetitive filings and motion practice." *Id.* The BOP requests "that the date for all individual-capacity Defendants to answer or otherwise respond to the Complaint be extended and consolidated to sixty … days after Plaintiff has completed service on Defendant Gravdahl." *Id.* at 4.

Mr. Spencer opposes the BOP's request. ECF No. 17. He alleges that the "defendants lack an[y] legally sufficient argument against Plaintiff's complaint," and are seeking only to delay matters and for the BOP to avoid responsibility. *Id.* ¶¶ 1–2, 5. Mr. Spencer suggests that service on Lieutenant Gravdahl has been completed pursuant to Fed. R. Civ. P. 4(i)(2), and that the defendants are engaged in a conspiracy with the United States Marshal Service to allow the defendants to seek dismissal for insufficient service of process. *Id.* ¶¶ 2–4. He asserts that the Defendants are being sued in their official capacities, so the personal service requirements of Rule 4(i)(2) and 4(e) do not apply. *Id.* ¶ 7. Mr. Spencer argues that all Defendants should be required to answer the complaint by September 8, 2020 or be subject to default for the relief requested in the complaint. *Id.* at 2.

Having reviewed the parties' positions, the Court finds good cause to grant the BOP's request. First, Mr. Spencer's assertion that the Defendants have been sued in their official capacities does not provide a basis to disregard personal service requirements for

the individual corrections officers he has named as Defendants. In his Complaint, Mr. Spencer references 42 U.S.C. § 1983 as the basis for his lawsuit. Compl., ECF No. 1. An official-capacity suit under § 1983 against an individual state or local officer is no different than a claim against the state or local political entity itself. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity … should be treated as suits against the State."). But § 1983 does not apply to federal officers and agents. *Schutterle v. United States*, 74 F.3d 846, 848 (8th Cir. 1996) ("Section 1983 claims are unavailable against the named federal defendants in this suit due to that section's state action requirement."). Given these realities, it makes little sense to construe Mr. Spencer's Complaint as asserting official-capacity claims under § 1983.

The fact that Mr. Spencer relies on § 1983 is not fatal to his Complaint, however. Because he is pro se, the Court has an obligation to construe Mr. Spencer's pleadings liberally, placing the discernible factual allegations in the most appropriate legal context. *Erikson v. Pardus*, 551 U.S. 89, 94 (2007); *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."). The essence of Mr. Spencer's Complaint is that corrections officers at the BOP's Federal Correctional Institution in Sandstone, Minnesota, violated his constitutional right to due process of law in connection with disciplinary sanctions imposed against him. Compl. at 1–2. As "Requested Relief," Mr. Spencer seeks $500,000 in monetary damages, as well as

injunctive relief.[1] In these circumstances, the Court will construe Mr. Spencer's Complaint, at least in part, as asserting a cause of action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* provides for damages claims against individual federal officers for alleged constitutional violations. *See Schutterle*, 74 F.3d at 848 (describing a *Bivens* action); *Patel v. U.S. Bur. of Prisons*, 515 F.3d 807, 812 (8th Cir. 2008) ("*Bivens* allows for a cause of action for damages against federal officials, not federal agencies, for certain constitutional violations.").[2] As such, Mr. Bivens is deemed to be pursuing damages from each of the individual corrections officers named as Defendants in this suit.

Second, Mr. Spencer has not shown that Lieutenant Gravdahl has been personally served with the Summons and Complaint. Because *Bivens* actions are asserted against individual officers in their individual capacities, a plaintiff must serve the individual

---

[1] Mr. Spencer also seeks to have Warden Fikes transferred and "a 14-day suspension without pay of all the other named defendants." Compl. at 2 (Relief Requested).

[2] Mr. Spencer's claims against the BOP may not be actionable under *Bivens*. A *Bivens* claim cannot be maintained against a federal agency because Congress has not waived sovereign immunity of the United States government or its agencies for claims that their employees have violated the Constitution. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 71–72 (2001) ("The [federal] prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual."); *Patel v. United States Bureau of Prisons*, 515 F.3d 807, 812 (8th Cir. 2008). It is unclear at this time whether Mr. Spencer's claims against the BOP may have some other viable legal basis, but the Court need not address that issue right now. *See Patel*, 515 F.3d at 812 (noting that although the plaintiff's *Bivens* claims did not extend to the BOP itself, his statutory claims and claims for injunctive relief still applied to the BOP).

4

defendants in the manner prescribed by Federal Rule of Civil Procedure 4(e). Fed. R. Civ. P. 4(i)(3);[3] *Simpkins v. District of Columbia Gov't*, 108 F.3d 336, 369 (D.C. Cir. 1997) (providing that defendants in *Bivens* actions must be served as individuals pursuant to Rule 4(e)). Mr. Spencer has shown only that he mailed a copy of the Summons and Complaint to Lt. Gravdahl, provided a copy to the United States Attorney's Office, and served the Attorney General. These are parts of the service of process required, but they do not constitute personal service on Lt. Gravdahl. *See* Fed. R. Civ. P. 4(i)(1)(A) (requiring service on the United States to be completed by delivering a copy of the summons and complaint to the United States attorney for the district where the action is brought); Fed. R. Civ. P. 4(i)(1)(B) (requiring service on the United States to also include sending a copy of a summons and complaint to the Attorney General in Washington, D.C.). Because Lt. Gravdahl is an individual residing within a Judicial District of the United States, he may be served by following state law for personal service, or by personally delivering a copy of the summons and complaint to Lt. Gravdahl or leaving it at his place of residence. Fed. R. Civ. P. 4(e). There is no indication that Mr. Spencer personally hired a process server to achieve such personal service or that the USMS has delivered a copy of the summons and complaint to an official authorized to accept service

---

[3] Federal Rule of Civil Procedure 4(i)(3) provides:

> To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is sued in an official capacity), a party must serve the Unite States and also serve the officer or employee under Rule 4(e), (f), or (g).

5

on Lt. Gravdahl's behalf. Accordingly, service is not yet complete on all individual-capacity Defendants in this case.

Third, the Court finds no support for Mr. Spencer's allegations that the Defendants and the BOP's counsel are engaged in efforts to delay the litigation or avoid having to defend. The Court understands Mr. Spencer's frustrations regarding the difficulties in getting this litigation underway. However, there is no suggestion on the record before the Court that the BOP or its counsel have engaged in any improper conduct with respect to service of the pleadings.

Finally, the Court finds that it would be a better use of the parties' and the Court's resources for all Defendants to have a single, consolidated time for answering or otherwise responding to the Complaint. It is likely that the Defendants will raise arguments and defenses, including in a motion to dismiss, that would be similar or identical as to the various defendants, and it would be a waste of resources for those defenses to be presented seriatim.

Based on the foregoing, the BOP's request **(ECF No. 14)** is **GRANTED** as follows. All Defendants shall serve and file a response within 60 days after service has been completed on Lieutenant Gravdahl. Further, within three days of a decision by the Justice Department regarding representation of the individual-capacity Defendants, defense counsel shall file a letter notifying the Court whether he will be representing them. Finally, upon a determination from the Justice Department that it will provide representation for the individual-capacity Defendants, the Court encourages the

Defendants to agree that defense counsel may accept service on their behalf to avoid unnecessary delays and expense associated with service.

Date: September 16, 2020

                                                                                            *s/Katherine Menendez*
                                                                                            Katherine Menendez
                                                                                            United States Magistrate Judge