**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Antwoyn Terrell Spencer, | Case No. 20-CV-1236-NEB-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| United States Bureau of Prisons, Warden J. Fikes, Captain Warlick, Lieutenant Weber, Lieutenant Gravdahl, and Officer G. White, | |
| Defendants. | |

---

This matter is before the Court on the "Motion to Alter Judgment" filed by the plaintiff, Antwoyn Terrell Spencer. ECF No. 20. Specifically, Mr. Spencer asks the Court to change its September 16, 2020 Order, which granted the United States Bureau of Prisons' request for an extension of time to answer and to consolidate a response date for all defendants once service has been completed. Order (Sep. 16, 2020), ECF No. 18; BOP's Request, ECF No. 14. Mr. Spencer's motion to alter the September 16th Order disagrees with several conclusions drawn by the Court and he again asserts that service has already been completed.

For the following reasons, Mr. Spencer's motion is denied. Although he cites Federal Rule of Civil Procedure 59(e), the September 16th Order does not constitute a judgment, so Rule 59 does not apply. Rule 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Even construing Mr. Spencer's motion as a Rule 60(a) request, he has not identified any clerical error or a mistake based on oversight or omission. To the extent Mr. Spencer asks the Court to reconsider the decision reached in the September 16th Order, the Court notes that he did not request permission to file a motion for reconsideration as required by D. Minn. Local Rule 7.1(j). Regardless of his failure to sek permission to file a motion to reconsider, Mr. Spencer has not shown the kind of "compelling circumstances" that might entitle him to relief. *Fuller v. Hafoka*, Civ. No. 19-886

1

(PJS/BRT), 2020 WL 5350270, at *1 (D. Minn. Sept. 4, 2020) ("[T]he Court will only grant permission to file a motion to reconsider 'upon a showing of compelling circumstances,' such as 'to correct manifest errors of law or fact or to present newly discovered evidence.'") (quoting Buetow v. A.L.S. Enters., Inc., Civ. No. 07-3970 (RHK/JJK), 2010 WL 2104641, at *1 (D. Minn. May 21, 2010)).

**IT IS SO ORDERED**.

Date: October 19, 2020

_s/Katherine Menendez_
Katherine Menendez
United States Magistrate Judge